## Kurek Estate

*Clarence D. Bell*, for accountant.

*Cochrane and Van Dyke*, for heir at law.

VAN RODEN, P. J., March 18, 1958.—Decedent died November 27, 1956, intestate, survived by no spouse but leaving to survive him seven children, all of whom are of age, and who, by virtue of the intestate laws of Pennsylvania, would be entitled to share equally in decedent's distributive estate.

However, the accountant has suggested that the normal distribution has been varied in this case by reason of a family settlement agreement made on or about November 30, 1956. . . .

Louis Kurek, son of decedent, disputed the alleged family settlement agreement and requested the court to enter an award of distribution in accordance with the intestate laws.

A hearing in this matter was held in open court on January 23, 1958. From the testimony and other competent evidence submitted at the said hearing, the court finds the facts to be as follows:

On or about November 30, 1956, decedent's seven children met, agreed that their father had intended to make a will and further agreed that distribution of the estate should be made in accordance with said intended will rather than in accordance with the intestate laws, specifically agreed that distribution should be made as follows:

"Louis Kurek was to receive $200.

"Josephine Grucela was to receive $2,500.

"Frank Kurek was to receive $1,000.

"Edward Kurek was to receive $200.

"Catherine Hamilton was to receive $1,500.

"Peter Kurek was to receive $1,500.

"Josephine Kurek was to receive $600.

"Lillian Kurek was to receive $300; and the balance was to go to Stanley Kurek.

It was further agreed that in the event the net distributive estate was insufficient to pay the foregoing specific amounts in full, Stanley Kurek would make up the deficiency from insurance payable to him as individual beneficiary.

Subsequently, the seven children entered into the following written agreement which was notarized under date of December 1, 1956:

"To whom it may concern: we the undersigned sons and daughters of the now deceased Joseph Kurek, our father: Do hereby agree to abide by his wishes and arrangements in disposing of his estate without any contest or dissent as specified to his son, Stanley Kurek, who shall be administrator of the entire estate."

The said written agreement was lodged of record in the office of the register of wills under file no. 23816.

Louis Kurek, son of decedent, contends that he is not bound by the oral agreement or the written confirmation thereof, and he takes the position that this is an improper attempt posthumously to write a will for decedent when he in fact died intestate. The other six children affirm the fact that the oral agreement and the written agreement were joined in by all parties in interest, and they assert said agreements to be legally binding and request distribution in accordance therewith.

It is, of course, impossible for any party in interest or even the court to write a will for decedent when he did not in fact leave a will which meets the requirements of the Wills Act of this Commonwealth. On the other hand, there is nothing to prevent all parties in interest from entering into a family settlement agreement regarding distribution. Family agreements are favorites in the law and the orphans' court is duty bound to uphold such agreements whenever possible.

The court concluded that the written agreement of December 1, 1956, ratified and confirmed the oral

agreement of November 30, 1956, and that the consideration for any one heir joining in such agreement was the joinder of the other heirs, thereby making the said family settlement agreement legally binding upon all the heirs. The court therefore holds that the family settlement agreement in this case was effective to vary the provisions of the intestate laws regarding distribution of the decedent's estate, and same will be reflected in the award.